UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

REINA O.,[1]

                    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
_____

DECISION & ORDER

19-CV-0538MWP

**PRELIMINARY STATEMENT**

On April 25, 2019, Plaintiff Reina O. ("plaintiff") commenced this action seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for Disability Insurance Benefits ("DIB"). (Docket # 1). Pursuant to 28 U.S.C. § 636(c), the parties consented to the disposition of this case by a United States magistrate judge. (Docket # 15). On September 29, 2020, this Court entered a judgment reversing the Commissioner's denial of DIB and remanding the case to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four, for further administrative proceedings. (Docket # 16). On December 18, 2020, the parties stipulated that the Commissioner would pay $ 8,500.00 in attorneys' fees in full satisfaction of plaintiff's claim pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Docket # 18).

---

[1] Pursuant to the November 18, 2020 Standing Order of the United States District Court for the Western District of New York regarding identification of non-governmental parties in social security opinions, the plaintiff in this matter will be identified and referenced solely by first name and last initial.

After remand, plaintiff obtained a fully favorable decision on April 29, 2021 (Docket # 20-3), and received $ 134,269.52 in past-due benefits (Docket # 20-4). The Commissioner withheld 25% of that award, or $ 33,567.38, to pay plaintiff's counsel, Frederick Law Offices, PLLC ("Frederick"). (*Id.*). Frederick now moves, pursuant to 42 U.S.C. § 406(b) and its fee agreement with plaintiff (Docket ## 20, 20-2) (the "Agreement"), for an award of $ 33,567.38 in attorneys' fees, which is 25% of plaintiff's award. (Docket # 20-1 at 4). The Commissioner responded to the motion acknowledging that there did not appear to be any evidence of fraud or overreaching, but did not take any position as to whether the requested amount was reasonable. (Docket # 22). The Commissioner also maintains that the fee application was untimely. (*Id.* at 2-3). Plaintiff submitted a reply in further support of the request for an award of fees. (Docket # 23).

## DISCUSSION

**I.     Legal Standard**

Section 406(b) of the Social Security Act provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A). "The Commissioner's failure to oppose this motion is not dispositive, as '[S]ection 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable.'" *Ewald v. Comm'r of Soc. Sec.*, 2008 WL 4104458, *1 n.1 (E.D.N.Y. 2008) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 n.17 (2002)). "[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under

§ 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). While a court "must give due deference to the intent of the parties[,] . . . it ought not blindly approve every fee request made pursuant to a contingent agreement." *Id.* at 372; *accord Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) ("[a] contingent-fee agreement is not *per se* reasonable").

In assessing reasonableness, the court should determine "whether the contingency percentage is within the 25% cap [of Section 406(b)]" and "whether there has been fraud or overreaching in making the [contingency] agreement." *Wells v. Sullivan*, 907 F.2d at 372. The court should also consider: (1) the "character of the representation and the results the representative achieved"; (2) whether "the attorney [was] responsible for delay . . . so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court"; and, (3) whether the "benefits are large in comparison to the amount of time counsel spent on the case," so as to prevent counsel from receiving a windfall. *See Gisbrecht v. Barnhart*, 535 U.S. at 808.

As to the third factor, i.e., whether the fee award constitutes a windfall to the attorney, courts often examine the lodestar figure to help make this determination. *See Abbey v. Berryhill*, 2019 WL 336572 (W.D.N.Y. 2019), *motion for relief from judgment granted sub nom. Abbey v. Saul*, 2019 WL 3334339 (W.D.N.Y. 2019). The Court must consider "more than the de facto hourly rate" in deciding whether there is a windfall. *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022). When determining whether a fee award constitutes a windfall, which would render a § 406(b) fee award unreasonable, the Court considers: (1) "the ability and expertise of the lawyers and whether they were particularly efficient[;]" (2) "the nature and length of the

3

professional relationship with the claimant[;]" (3) "the satisfaction of the disabled claimant[;]" and, (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id*. at 854-55. "A windfall is more likely to be present in a case . . . where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery. That kind of unearned advantage is what the windfall concern is really about." *Id*. at 856.

**II.     Analysis**

As an initial matter, the Court rejects the Commissioner's contention that plaintiff's request for Section 406(b) fees is untimely. The notice of award is dated December 12, 2021 (Docket # 20-4) and the motion for fees was filed on December 28, 2021 (Docket # 20-7) – sixteen days later. Under Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, plaintiff timely filed her motion. *See Gloria M. v. Comm'r of Soc. Sec.*, 2021 WL 5048394, *2 (W.D.N.Y. 2021) ("motions for [fees] made within seventeen days (fourteen days under Rule 54(d)(2)(B), plus three days for mailing) of receipt of a Notice of Award for benefits are timely"); *see also Sinkler v. Berryhill*, 932 F.3d 83, 89, n.5 (2d Cir. 2019) ("[n]othing in this opinion departs from the law's presumption that a party receives communications three days after mailing"); *Bennett v. Comm'r of Soc. Sec.*, 2021 WL 3537165 (S.D.N.Y. 2021) (finding fifteen days between notice of award and filing of motion for fees timely); *Lesterhuis v. Comm'r of Soc. Sec.*, 408 F. Supp. 3d 292, 294 (W.D.N.Y. 2019) ("fourteen-day limitations period is not absolute") (quotation omitted); *Tanner v. Comm'r of Soc. Sec.*, 2018 WL 6521585, *3 (N.D.N.Y. 2018) (finding nineteen days between notice of award and filing of motion for fees reasonable);

*Rodriguez v. Berryhill*, 2017 WL 2929470, *4 (N.D.N.Y. 2017) (granting motion for fees despite two-month delay between notice of award and filing of motion for fees).

        The Court next considers the Agreement. First, the contingency arrangement specified in the Agreement does not exceed Section 406(b)'s 25% statutory cap. Plaintiff agreed to pay Frederick 25% of awarded past-due benefits resulting from her claim – the amount Frederick seeks – which is reasonable in the context of social security litigation. *See Gisbrecht*, 535 U.S. at 803 ("[c]haracteristically in cases of the kind we confront, attorneys and clients enter into contingent-fee agreements specifying that the fee will be 25 percent of any past-due benefits to which the claimant becomes entitled") (quotation omitted).

        Furthermore, nothing in the record suggests that the Agreement was the product of fraud or overreaching on Frederick's part. There is also no dispute over the character of Frederick's representation of plaintiff; Frederick's representation resulted in plaintiff's recovery of past-due benefits. In addition, nothing suggests that Frederick delayed the case. Plaintiff commenced this case on April 25, 2019, moved for judgment on the pleadings by September 30, 2019, and secured a remand on September 29, 2020. The length of the case was not unreasonable, and counsel prosecuted it diligently.

        Finally, plaintiff's past-due benefits are not so "large in comparison to the amount of time counsel spent on the case" to constitute a windfall. *See Gisbrecht*, 535 U.S. at 808. Here, Frederick spent 49.6 hours litigating the case in federal court. (*See* Docket # 20-6). Frederick's *de facto* hourly rate was thus $ 676.76, which I find to be reasonable. *See*, *e.g.*, *Robert J. v. Comm'r of Soc. Sec.*, 2022 WL 1536710 (W.D.N.Y. 2022) (approving fee award equivalent to an hourly rate of $729.79); *Robert S. v. Comm'r of Soc. Sec.*, 2022 WL 13789085 (W.D.N.Y. 2022) (approving fee award equivalent to an hourly rate of $738.55); *Martin v.*

*Comm'r of Soc. Sec.*, 2022 WL 16706697 (W.D.N.Y. 2022) (approving fee award equivalent to an hourly rate of $776.59); *Marilyn B. v. Comm'r of Soc. Sec.*, 2022 WL 2306929 (W.D.N.Y. 2022) (approving fee award equivalent to an hourly rate of $758.72); *Amy Sue H. v. Comm'r of Soc. Sec.*, 2021 WL 4519798, *3 (W.D.N.Y. 2021) (collecting cases finding effective hourly rates between $697.20 and $1,000 to be reasonable in this district). "Indeed, [i]t would be foolish to punish a firm for its efficiency and thereby encourage inefficiency, by reducing a high *de facto* hourly rate that is simply the result of accomplished lawyers doing what other lawyers might reasonably have taken twice as much time to do." *Robert M. v. Kijakazi*, 2022 WL 1222462, *2 (W.D.N.Y. 2022) (quotation omitted). Weighing all of the above considerations, the Court determines that Frederick's fee request is reasonable.

## CONCLUSION

For these reasons, Frederick's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b) **(Docket # 20)** is **GRANTED**. The Commissioner is directed to promptly pay Frederick $ 33,567.38 from the funds withheld from plaintiff's past-due benefits. Upon receipt of the fee award, Frederick is directed to remit to plaintiff the $8,500.00 awarded pursuant to the EAJA. *See Gisbrecht*, 535 U.S. at 796 ("[f]ee awards may be made under both [the EAJA and Section 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee") (alterations and quotations omitted).

**IT IS SO ORDERED.**

                                          _s/Marian W. Payson_
                                          MARIAN W. PAYSON
                                          United States Magistrate Judge

Dated: Rochester, New York
        January 17, 2023